[No. 2338.]

## THE ONTARIO-COLORADO GOLD MINING COMPANY v. MACKENZIE.

1. **Pleading—Immaterial Allegation—Striking Out.**

   In an action upon a contract for labor performed and to foreclose a mechanic's lien, an allegation in the answer that plaintiff was out of employment and claimed to be owing certain sums for taxes and interest which he was unable to pay, was properly stricken out.

2. **Same—Mechanics' Liens.**

   In an action to enforce a mechanic's lien for labor performed upon a mining claim, under a contract to work as a common laborer and as a stone mason and bricklayer, an allegation in the answer that plaintiff was wholly unacquainted with and unused

to mining and was not a miner, was immaterial and was properly stricken out.

**3. Pleading—Repetition—Striking Out.**

It is not error to strike out of an answer an allegation which is a mere repetition in substance of an allegation which appears elsewhere in the answer.

**4. Evidence—Competency—Conversation with Other Witness.**

It is competent on cross-examination to question a witness v-hether he has conversed with anyone about the facts which he has testified to, for the purpose of determining whether he testifies from his own recollection or from the promptings of another; but it is improper to ask such witness whether he has conversed with another witness about what such other witness would testify to.

**5. Evidence—Striking Out—Error Cured.**

Error committed in striking out testimony is cured by subsequently admitting the same testimony.

*Appeal from the County Court of Gilpin County.*

Mr. S. D. WALLING, for appellant.

Mr. H. A. HICKS, for appellee.

MAXWELL, J.

This was an action to foreclose a mechanic's lien.

The complaint averred that plaintiff (appellee), under a verbal contract with the duly authorized agent of defendant (appellant), performed work and labor upon the mining property of the defendant, as a common laborer, at the agreed wage of $2.50 per day, and as a stone mason or bricklayer, at the agreed wage of $4.00 per day; that there was a balance due plaintiff; failure upon the part of defendant to pay, and the necessary steps to acquire and perfect a mechanic's lien.

The answer in substance admitted the employment of plaintiff, averred that plaintiff agreed to work at $2.50 per day as a common laborer, and as a stone or brick mason, or, in other words, at the agreed wage of $2.50 per day for all classes of work; admit-

ted a balance due, less than the amount claimed by the plaintiff, and averred the tender before suit and payment into court of the balance admitted to be due.

A replication was filed. Trial to the court resulted in a decree in plaintiff's favor for the amount claimed, from which this appeal.

Appellant's first assignment of error challenges the action of the court in striking out portions of the answer. The portions of the answer stricken out are as follows:

a.—"Said plaintiff was out of employment and claimed to be owing certain sums for taxes and interest which he claimed to be unable to pay."

It is difficult to understand in what manner the above allegation, even if admitted to be true, could have affected the merits of this controversy.

b.—"That said plaintiff was wholly unacquainted with, and unused to, mining, and was not a miner."

Plaintiff did not pretend to be a miner, had not hired as such, and was not claiming the wages of a miner.

c.—"Which said balance said defendant did, on August 28, 1899, at said Gilpin county, tender and offer to pay to said plaintiff; and again on September 4, 1899, at said county, said defendant did tender to said plaintiff said sum of forty-two and 25-100 ($42.25) Dollars, in gold and silver coin of the United States, and now pays the same into this court, and has always been ready and willing to pay the same."

Substantially the same allegation occurs elsewhere in the answer. This repetition was superfluous.

No error was committed in sustaining the motion to strike.

Error is assigned upon the ruling, sustaining an

objection to the following question, propounded to plaintiff on cross-examination:

"Since this suit was brought, have you had any conversation with your wife concerning this matter, in regard to what *she* would swear to?".

The testimony shows that the plaintiff and his wife were present at the time the contract of employment was made by the plaintiff with the agent of the defendant. It is competent and proper, upon cross-examination, to inquire of a witness if he has had any conversation with anyone as to the facts about which he has testified, for the purpose of determining whether he testifies from his own recollection or from the promptings of another.

If the question, to which the objection was sustained, was asked the witness for the purpose of testing his recollection, it was faulty in form, as he was thereby interrogated as to conversations with another witness as to what she would swear to, and not as to whether he had conversed with his wife as to what he, witness, would testify to.

It is contended by counsel for appellant that it appears from the record that the story told by plaintiff and his wife at the trial had been prearranged by them. With this contention we do not agree. We do not think the court erred in sustaining the objection to the question in the form in which it was put.

Error is assigned upon the ruling of the court in striking out a portion of the testimony of Mr. Eastman, a witness for the defendant. If there was error in this ruling, which we do not decide, it was rendered harmless by the subsequent admission of the testimony stricken out.—*In re Thomas Estate,* 26 Colo. 110-114.

We are asked to reverse the judgment in this case upon the ground that it was totally unsustained by the evidence in the case.

Ten witnesses testified at the trial; six introduced by plaintiff and four by defendant. As to the material points in the case, the evidence was somewhat conflicting, but it cannot be said that the judgment is totally unsustained by the evidence.

A careful reading of the transcript of the testimony leads to the conclusion that the judgment was right and should not be disturbed.

*Affirmed.*